## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Maurice Hemingway, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:05-01768-CWH |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On June 20, 2005, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action to vacate, set aside, or correct his conviction and sentence. On January 18, 2006, the government moved for summary judgment. On January 19, 2006, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On February 27, 2006, the petitioner filed his opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

Background and Procedural History

On July 23, 2002, a federal grand jury charged the petitioner in a three count indictment. Count 1 charged the petitioner with Hobbs Act robbery in violation of 18 U.S.C. §1951(b)(1). Count 2 charged the petitioner with possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Count 3 charged the petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(12) and 924(a). The petitioner proceeded to trial where a jury found him guilty of all three counts. On April 30, 2003, the Court sentenced the petitioner to an aggregate sentence of 197 months in prison followed by 5 years supervised

release.  The petitioner appealed to the Fourth Circuit Court of Appeals who affirmed his conviction and sentence on September 15, 2004.  *See* United States v. Hemingway, 108 Fed. Appx. 83, slip op. No. 03-4394  (4th Cir. 2004).  The Fourth Circuit Court of Appeals held that: (1) the totality of the circumstances did not indicate that the petitioner's confession was involuntarily given or the result of police coercion; (2) the evidence was sufficient to support a conviction for Hobbs Act robbery; (3) the petitioner's base offense level was properly enhanced two points because the crime involved bodily injury; and (4) the District Court did not err by adding the charge of aiding and abetting.  Id.  In addition, the Fourth Circuit Court of Appeals examined the entire record and found no meritorious issues for appeal in accordance with Anders v. California, 386 U.S. 738 (1967).  The petitioner did not file a petition of certiorari contesting the Fourth Circuit Court of Appeals' dismissal of the petitioner's appeal.

In his § 2255 motion, the petitioner raises the following grounds of error: (1) ineffective assistance of counsel and (2) improper sentencing pursuant to United States v. Booker, 543 U.S. 220 (2005).

Ineffective Assistance of Counsel

The petitioner alleges that his trial counsel was ineffective because trial counsel failed to object to the following: (1) the Court's aiding and abetting charge to the jury, (2) prosecutorial misconduct, (3) a surprise government witness, and (4) a two point base offense level enhancement for the victim's bodily injury.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard

for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

Aiding and Abetting Charge

The petitioner alleges that trial counsel prejudiced him by failing to object to the Court's aiding and abetting charge to the jury. The petitioner alleges that the Court erred because aiding and abetting were not separately charged in the indictment. The Fourth Circuit Court of Appeals held that the District Court's aiding and abetting charge to the jury was not improper. United

States v. Hemingway, 108 Fed. Appx. 83, slip op. at 2.  Absent unusual circumstances, a petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal.  See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  As the Fourth Circuit Court of Appeals has held, aiding and abetting is implied by an indictment for any crime and need not be separately specified.  United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969).  Furthermore, when evidence presented at trial supports an aiding and abetting theory, the Court may instruct on that theory even though it was not argued by the government.  United States v. Horton, 921 F.2d 540 (4th Cir. 1990).  The petitioner fails to demonstrate that the Court erred or that counsel's failure to object prejudiced him.  His claim is without merit.

Prosecutorial Misconduct

The petitioner alleges that trial counsel prejudiced him by failing to object to the prosecutor's closing argument when the prosecutor vouched for its witnesses.  The Fourth Circuit Court of Appeals has held that a prosecutor has great latitude in presenting its closing arguments to a jury.  Oken v. Corcoran, 220 F.3d 259, 269-70 (4th Cir. 2000).  In this case, the government's argument was proper because it was prefaced with the words "I submit to you" indicating an opinion and because it was in response to the defense counsel's argument that government witnesses were not telling the truth.  *See*; United States v.Young, 470 U.S. 1, 12-13 (1985);  United States v. Ollivierre, 378 F.3d 412 (4th Cir. 2004).  The petitioner fails to demonstrate that the government improperly vouched for its witnesses or that counsel's failure to object prejudiced him.  His claim is without merit.

Surprise Witness

The petitioner alleges that trial counsel prejudiced him by failing to object to the

testimony of government witness Levon Bellamy. The petitioner alleges that counsel informed the petitioner that an objection would be futile because government timely informed the petitioner of Levon Bellamy as a witness. The petitioner has not shown that trial counsel could have prevented Levon Bellamy from testifying. Levon Bellamy testified that the petitioner confessed his guilt to Levon Bellamy in their jail cell. The petitioner has not shown that he would have been acquitted in the absence of Levon Bellamy's testimony. The petitioner confessed to the police that he was the getaway driver in the robbery. The petitioner's co-defendants testified against him as to his involvement in the robbery. In addition, the police found the petitioner in close proximity to the robbery, and the petitioner matched the description of witnesses to the robbery. The petitioner has not shown that Levon Bellamy's testimony was improperly admitted or that trial counsel's failure to object prejudiced him. The petitioner's claim is without merit.

Base Offense Level Enhancement

The petitioner claims that his sentence was improperly enhanced two levels. A two-level increase in a defendant's base offense level is warranted if a victim sustained a bodily injury. U.S. SENTENCING GUIDELINES MANUAL § 2B3.1(b)(3)A) (2002). "'Bodily injury' means any significant injury; e.g. an injury that is painful and obvious, or is of a type for which medical attention would ordinarily be sought." U.S. SENTENCING GUIDELINES MANUAL § 1B1.1 (2002). In this case, the hotel clerk had a lingering red mark on his face from the barrel of the petitioner's sawed off shotgun. The hotel clerk also suffered chest pains and was taken to the hospital for treatment after the incident. The Fourth Circuit Court of Appeals held that the District Court properly enhanced the petitioner's base offense level two points for bodily injury

of a victim.  United States v. Hemingway, 108 Fed. Appx. 83, slip op. at 2.  Absent unusual circumstances, a petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal.  See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  The petitioner has not shown that the Court improperly enhanced his base offense level by two points, nor has he shown prejudice.  His claim is without merit.

Booker

The petitioner alleges that his sentence violates United States v. Booker, 543 U.S. 220 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review."  Id. at 745.  Subsequent to the decision in Booker, the Fourth Circuit held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided."  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2004, "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.  This § 2255 action is an attempt to collaterally attack the petitioner's final conviction and sentence.  Booker, therefore, is inapplicable to this case. The petitioner is not entitled to relief on this claim.

The Court therefore grants the government's motion for summary judgment.  All remaining outstanding motions are hereby rendered moot.

AND IT IS SO ORDERED.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina